UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| COURTNEY M. TRADER, | Case No. 2:16-00875-GMN-PAL |
| Plaintiff, | |
| v. | **ORDER** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | (Amended Compl. – Dkt. #7) |
| Defendant. | |

This matter involves Plaintiff Courtney M. Trader's appeal and request for judicial review of the Commissioner of Social Security, Defendant Carolyn W. Colvin's final decision denying her claim for disability insurance benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401–33, and claim for supplemental security income under Title XVI of the Act, 42 U.S.C. §§ 1381–83. Ms. Trader has submitted an Amended Complaint (Dkt. #7) in accordance with the Court's Order (Dkt. #2) dismissing the original complaint with leave to amend. The Amended Complaint is referred to the undersigned for re-screening pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 and 1-9 of the Local Rules of Practice.

I.    RE-SCREENING THE AMENDED COMPLAINT

After granting a request to proceed *in forma pauperis*, a federal court must additionally screen the complaint and any amended complaints filed prior to a responsive pleading. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (§ 1915(e) "applies to all *in forma pauperis* complaints"). The simplified pleading standard set forth in Rule 8(a) of the Federal Rules of Civil Procedure applies to all civil actions, with limited exceptions. *Alvarez v. Hill*, 518 F.3d 1152, 1159 (9th Cir. 2008). For purposes of 28 U.S.C. § 1915's screening requirement, a properly pled complaint must therefore provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  A complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915 is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim.  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *North Star Intern. v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983).  In considering whether a plaintiff states a valid claim, the court accepts as true all material allegations in the complaint and construes them in the light most favorable to the plaintiff.  *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).

Here, Plaintiff's Amended Complaint challenges a decision by the Social Security Administration ("SSA") denying her disability insurance benefits and supplemental security income under Titles II and XVI of the Act.  *See* Am. Compl. (Dkt. #7) ¶ 3.  To state a valid benefits claim, a complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  *See Starr*, 652 F.3d at 1216.  To do so, a complaint should state when and how a plaintiff exhausted her administrative remedies with the SSA and the nature of her disability, including when she claims she became disabled.  The complaint should also contain a short and concise statement identifying the nature of the plaintiff's disagreement with the SSA's determination and show that the plaintiff is entitled to relief.  Although this showing need not be made in great detail, it must be presented in sufficient detail for the court to understand the disputed issues so that it can meaningfully screen the complaint.  *See* 4 Soc. Sec. Law & Prac. § 56:4 (2015).

**A.**      **Exhaustion of Administrative Remedies**

Before Plaintiff can sue the SSA in federal court, she must have exhausted her administrative remedies.  42 U.S.C. § 405(g); *Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (per curium) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim").  Generally, if the SSA denies a claimant's application for disability benefits, he can request reconsideration of the decision.  If the claim is denied upon reconsideration, a claimant may request a hearing before an Administrative Law Judge ("ALJ").  If the ALJ denies the claim, a claimant may request review of the decision by the Appeals Council.  If the Appeals Council declines to review the ALJ's decision, a claimant may then request review by the United States District Court.  *See* 20 C.F.R. §§ 404, 416.

In the previous Screening Order (Dkt. #2), the Court found that Plaintiff appeared to have exhausted her administrative remedies and this action was properly filed within the District of Nevada.  *Id*. at 2.  However, the Court also noted that it was unable to determine whether she timely commenced this action because Plaintiff merely informed the Court that she had requested a 30-day extension of time to file this civil action—she did not allege that the extension was granted.  *Id*. (citing Compl. Ex. (Dkt. #1-2) at 2–3, Letter to Appeals Council). The Amended Complaint does not address this deficiency.  Despite this oversight, the Court finds that Plaintiff sufficiently remedied the other deficiency in the original pleading and will allow summons to issue in this matter.

**B.**      **Grounds for Plaintiff's Appeal and the Nature of her Disability**

Plaintiff's Amended Complaint seeks judicial review of the Commissioner's decision denying benefits and asks the Court to reverse that decision, or alternatively, to remand this matter for a new hearing.  A district court can affirm, modify, reverse, or remand a decision if a plaintiff has exhausted his administrative remedies and timely filed a civil action.  However, judicial review of the Commissioner's decision to deny benefits is limited to determining: (a) whether there is substantial evidence in the record as a whole to support the findings of the

/ / /

1  Commissioner; and (b) whether the correct legal standards were applied.  *Morgan v. Comm'r*
2  *Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

3         In her Amended Complaint, Plaintiff states that the ALJ found her to have the severe
4  impairments of "history of shingles, seizure disorder, degenerative disc disease of the cervical
5  spine and adjustment disorder with depressed mood."  *See* Am. Compl. (Dkt. #7) ¶ 10(a).
6  Despite her severe impairments, the ALJ found Plaintiff to retain the residual functional capacity
7  to perform light work except that she is "unable to tolerate exposure to hazards such as heights
8  and moving machinery, unable to climb ladders, ropes or scaffolds; is limited to simple routine,
9  repetitive tasks in two-hour increments and is able to adapt to routine changes."  *Id.* ¶ 10(b).
10 Although the ALJ determined that Plaintiff could perform other work in light of the residual
11 functional capacity, she alleges that ALJ failed to provide specific and legitimate reasons
12 supported by substantial evidence in the record to reject the treating physician's opinion.  *Id.*
13 ¶ 10(d).  Lastly, Plaintiff alleges that new evidence exists that warrants a remand of this matter
14 for further proceedings.  *Id.* ¶ 10(g).  The Amended Complaint contains sufficient allegations of
15 underlying facts to give the Defendant fair notice of Plaintiff's disagreement with the SSA's final
16 determination.  The Court therefore finds that her Amended Complaint states a claim for initial
17 screening purposes under 28 U.S.C. § 1915.

18        Based on the foregoing,
19        **IT IS ORDERED**:
20        1.  The Clerk of Court shall issue summons to the United States Attorney for the District
21            of Nevada and deliver the summons and Complaint to the U.S. Marshal for service.
22        2.  Plaintiff shall serve the Commissioner of the Social Security Administration by
23            sending a copy of the summons and Complaint by certified mail to: (1) Office of
24            Regional Chief Counsel, Region IX, Social Security Administration, 160 Spear St.,
25            Suite 899, San Francisco, California 94105-1545; and (2) the Attorney General of the
26            United States, Department of Justice, 950 Pennsylvania Avenue, N.W., Room 4400,
27            Washington, D.C. 20530.
28 / / /

4

3.  Following the filing of an answer, the Court will issue a scheduling order setting a briefing schedule.

4.  From this point forward, Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon the attorney, a copy of every pleading, motion or other document submitted for consideration by the court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was personally served or sent by mail to the defendants or counsel for the defendants.  The court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk of the Court, and any paper received by a district judge, magistrate judge or the Clerk which fails to include a certificate of service.

Dated this 7th day of June, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE